On Rehearing.
MONROE, C. J.
[2] The rehearing was granted for the correction of an error, alleged to have been committed by the court, in rejecting defendant’s claim of credit for an item of $660 (included in an item of $710, appearing in our recapitulation as “Personal debt and interest paid to Mrs. Finley),” and in holding that defendant’s account does not show that the firm received the proceeds of the loan thereby represented. The item represents the repayment (with interest) of $600 borrowed by defendant from Mrs. Finley about the time of the formation of the partnership and deposited in bank to his individual credit, but expended, as he testifies, in paying the expenses incident to the starting of the business. Defendant admits, and his account shows, that the amount in question was repaid from the funds of the firm, but, although he testifies to its having been borrowed, deposited, and expended as stated, his account fails to show that the firm ever received the money. Upon the face of the account, therefore, it does not appear that Mrs. Finley was a creditor of the firm with respect to the item in question, nor, in fact, was she; and the error that has been committed is not properly attributable to the court but was committed by defendant in the preparation of the account which he is offering as the basis for a settlement with plaintiff, and which consists, in part, of a certain exhibit A, purporting to show “total receipts from every source by the Ruston Milling Company” (that being the title under which the “firm” conducted its business), “from March, 1908, to February, 1909,” but which does not show the receipt of the $600, either from Mrs. Finley or from the defend *1097 ant. Concerning .that error, defendant’s counsel offer the following explanation, to wit:
“When this new firm began business, in March, 1908, it had no money or credit. Melvin Riser went to Mrs. Finley and borrowed $600 upon his individual note; and secured it with a mortgage on his individual property. The new firm had no bank account, and they had not decided in what name they would operate. Melvin Riser placed this money in the bank in his own name. During the continuation of the business, he paid, out of his private funds, for the firm’s account, $1,613.29, as shown by Exhibit B, to his statement. But, as $600 of the money expended was the money borrowed from Mrs. Finley, he paid the note and interest due her out of the firm’s funds, on March 24, 1909, and, instead of charging the firm with $1,613.29, paid out of his individual account, he only charged the firm with $1,013.29, which appears plainly on the recapitulation, Exhibit F, to the account. In other words, he treated $600 of the money checked out of his individual account as the firm’s money, and let the firm assume the obligation given when it was borrowed, all of which the complaining partner knew, or had the opportunity to know.”
But neither the complaining creditor nor the courts, nor, we venture to say, the most accomplished bookkeeper, could ever have arrived at the explanation thus offered from the account which shows, clearly, and is corroborated by defendant’s testimony, that the $660 was paid to Mrs. Finley by the firm, and not by defendant, and that the $1,613.29 with which he credits himself, as having been paid in behalf of the firm, was made up of other items, not including the amount so paid to Mrs. Finley. The correctness of those items is not, however, disputed, and it is true, as stated by counsel, that while Exhibit B shows payments made by defendant for account of the firm to the amount of $1,-613.29, Exhibit F (purporting to be a recapitulation of the totals shown by the other exhibits) shows “total expenses paid by M. Riser, personally, $1,013.29,” thus making a difference to defendant’s prejudice of $600, and amounting to the same thing as though that amount had originally been entered on the account as having been received by the firm through defendant from Mrs. Finley, and the $1,613.29 advanced by him had been carried into the recapitulation without reduction. The question of plaintiff’s liability for his proportion of the interest that appears to have been paid upon the loan is not raised, and we conclude that defendant should be allowed credit for the $660.
In granting the rehearing, the inquiry was restricted to the item thus referred to; hence we are hardly at liberty to consider the $50, which is added thereto (making up the $710 appearing in our recapitulation). We may say, however, that though that item may possibly be connected with another loan from Mrs. Finley, the testimony of defendant is so unsatisfactory that we should not be disposed to change our ruling concerning it, even if we felt at liberty so to do.
For the reasons thus assigned, it is ordered that the decree heretofore handed down be amended by reducing the amount of the award in favor of plaintiff from $943.94 to $283.94, and, as thus amended, reinstated and made the final decree in the ease.
SOMMERVILLE, J., takes no part.